IN HE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No: 4:15-CR-37-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| SHERRY D. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's motion to obtain a copy of her plea agreement. [DE-97]. Defendant asserts she never received a copy from her counsel and that her requests have gone unanswered. *Id.* Because there is no constitutional requirement that the government provide an indigent defendant with free transcripts or other court documents in order to collaterally attack a conviction or sentence, the defendant must show a "particularized need" for the documents. *Morin v. United States*, 522 F.2d 8, 9 (4th Cir. 1975) (citing *Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972)). Here, Defendant has not stated why she needs a copy of her plea agreement or that she cannot afford to pay for a copy. Defendant has not commenced a proceeding under 28 U.S.C. § 2255, nor has she articulated any possible § 2255 claims. Therefore, Defendant has not asserted the requisite particularized need for the requested documents. *See United States v. Anderson*, No. 2:94cr163, 1997 WL 138970, at *5 (E.D. Va. Mar. 14. 1997) (denying a request for documents at government expense where defendant "failed to set forth specific factual allegations in support of a § 2255 motion which would enable the court to determine whether it was frivolous, and . . . has not established that he needs the copies of court documents and transcripts to set forth in summary form the facts in support of a § 2255 claim"). Thus, "[t]o grant [Defendant's] request

at this juncture would only encourage a 'fishing expedition' by [D]efendant at the expense of the government." *Id.* However, Defendant may be able to show a particularized need for the requested documents in the future. *See United States v. McLean*, No. 5:10-CR-00125-H, 2011 WL 5870045, at *1 (E.D.N.C. Nov. 22, 2011) (denying a motion for reconsideration and noting that "[o]nce Defendant has commenced a Section 2255 proceeding, discovery may thereafter be available and that if [Defendant] qualifies for *in forma pauperis* status, he may be eligible to receive copies of the transcripts at the Government's expense at that time"). Accordingly, the motion is denied without prejudice. The Clerk of Court is directed to (1) serve a copy of this order on Defendant's counsel of record; and (2) provide Defendant with information regarding the cost of obtaining this document.

SO ORDERED, this 24th day of September 2018.

_____
Robert B. Jones, Jr.
United States Magistrate Judge