IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CR-37-BR
No. 4:19-CV-9-BR

| | |
|---|---|
| SHERRY D. WILLIAMS, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 113.) Petitioner filed a memorandum in opposition, (DE # 118), and a "motion granting relief," (DE # 117).

In 2015, pursuant to a plea agreement, petitioner pled guilty to false and fraudulent claims against the United States and aggravated identity theft. In 2016, the court sentenced her to a total term of 75 months imprisonment. Petitioner appealed. By judgment entered 17 November 2016, the Fourth Circuit Court of Appeals dismissed the appeal. Petitioner did not file a petition for a writ of certiorari.

On 14 January 2019, petitioner filed her § 2255 motion. (DE # 105.) Because the motion did not substantially follow the standard form, the court directed the Clerk to send a copy of the § 2255 standard form to petitioner and directed her to return the completed form. (DE # 106.) Petitioner filed the proper form. (DE # 107.) She challenges her sentence, claiming (1) the court sentenced her in violation of due process; (2) counsel rendered constitutionally ineffective assistance by failing to ensure the total offense level and relevant conduct were correctly calculated at sentencing; (3) prosecutorial misconduct at sentencing; and, (4) her sentence violates the law. (Id. at 4-8.)

The government argues, pursuant to Federal Rule of Civil Procedure 12(b)(6), the § 2255 motion should be dismissed for failure to state any claim for relief. Specifically, the government contends petitioner's § 2255 motion is untimely because petitioner did not file the motion within § 2255(f)'s limitations period. Generally, a court will not reach the merits of a timeliness defense on a motion to dismiss under Rule 12(b)(6). Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). However, a court may do so "in the relatively rare circumstances where . . . all facts necessary to the affirmative defense 'clearly appear *on the face on the complaint*[,]'" Id. (citation and alteration omitted).

A one-year statute of limitations applies to a motion filed under § 2255. 28 U.S.C. § 2255(f). That limitations period begins running from the latest of–

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Here, petitioner's judgment of conviction became final when the time for filing a petition for a writ of certiorari expired, Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." (citations omitted)); see also Sup. Ct. R. 13(1) ("[A] petition for a writ of certiorari . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."); id. R. 13(3) ("The

2

time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)."), on 15 February 2017. Petitioner filed her § 2255 motion nearly two years after that date.

In her § 2255 motion, petitioner requests that the limitations period be equitably tolled. (DE # 105, at 5; DE # 107, at 11.)

> Equitable tolling of petitions for collateral review is available only when a defendant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Under this court's precedent, equitable tolling is appropriate in those "rare instances where— due to circumstances external to the party's own conduct— it would be unconscionable to enforce the limitation period against the party and gross injustice would result."

Whiteside v. United States, 775 F.3d 180, 184-85 (4th Cir. 2014) (citations omitted).

As the court understands petitioner's argument, she contends the limitations period should be tolled from the time she sought to obtain a copy of her plea agreement from defense counsel, January 2017, until the time she received it, presumably around mid-December 2018. (See Resp., DE # 118, at 2-3.) Once she received a copy of her plea agreement, petitioner argues, she discovered the facts supporting her claims and filed her § 2255 motion within one year of that date. (See Mot., DE # 107, at 11.)

The court agrees with the government that petitioner's claims "do not rely on any specific fact contained her plea agreement that was not available to her from other sources." (Mem., DE # 114, at 5.) When discussing her claims, only once does petitioner refer to her plea agreement, arguing that her claims fall within the ineffective assistance of counsel/prosecutorial misconduct exception to the collateral review waiver in the plea agreement. (See Mot., DE # 105, at 3-4.)

3

Petitioner did not need a copy of her plea agreement to timely assert her § 2255 claims. Petitioner knew, or should have known with due diligence, the facts supporting her claims by the time her sentencing hearing ended. The court concludes petitioner has not adequately alleged facts to warrant equitable tolling of § 2255(f)'s limitations period, and therefore, her § 2255 motion is untimely.

The government's motion to dismiss is ALLOWED. Petitioner's "motion granting relief" is DENIED, and her § 2255 motion is DISMISSED. The court finds that petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability is DENIED. The Clerk is DIRECTED to enter judgment and close this case.

This 26 June 2019.

_____
W. Earl Britt
Senior U.S. District Judge