IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CR-00037-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| SHERRY D. WILLIAMS ) | |
| THADDEUS WILLIAMS ) | |

This matter is before the court on defendants' motion requesting a "stay" of restitution payments pursuant to 18 U.S.C. § 3664(k). (DE # 116.) Although the motion is purportedly filed on behalf of both defendants acting *pro se*, only defendant Sherry Williams signed the motion. Because Sherry Williams is not an attorney, she cannot file the motion on behalf of her co-defendant. See Small v. F.B.I., C/A No. 3:08-2320-CMC-JRM, 2008 WL 4616779, at *2 (D.S.C. Oct. 15, 2008) ("One *pro se* litigant cannot 'represent' another *pro se* litigant." (citations omitted). Therefore, the court considers the motion only as to Sherry Williams.

In May 2016, as part of defendant's sentence, the court ordered her to pay $1,050,976.00 to the Internal Revenue Service. (J., DE # 79, at 5.) The court further ordered that "[p]ayment of restitution shall be due and payable in full immediately. However, if defendant is unable to pay in full immediately," payment is authorized through the Bureau of Prisons' ("BOP") Inmate Financial Responsibility Program ("IFRP"), with a $25 minimum payment per quarter. (Id. at 6.) In her motion, defendant states that with family assistance, she has been making restitution payments through the IFRP, but her family has recently encountered financial hardship and cannot support her in the same capacity. (DE # 116, at 2.) She requests that the payment of

restitution be suspended while she is incarcerated at a non-UNICOR facility.[1]  (Id.)

Under 18 U.S.C. § 3664(k), a district court has the authority to modify a "restitution payment schedule only upon a finding by the court of a 'material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.'" United States v. Grant, 715 F.3d 552, 559 (4th Cir. 2013).  However, a defendant "cannot use section 3664(k) to modify or suspend payments made through the IFRP." Allen v. Rickard, Civil Action No. 1:13-25022, 2014 WL 4929418, at *2 (S.D.W. Va. Sept. 30, 2014) (citation omitted). Rather, such a challenge must be brought as a petition under 28 U.S.C. § 2241, after exhausting any administrative remedies, in the district where the defendant is incarcerated.  United States v. Diggs, 578 F.3d 318, 319-20 (5th Cir. 2009); see also Fontanez v. O'Brien, 807 F.3d 84, 87 (4th Cir. 2015) ("[A]n inmate's challenge to the BOP's administration of the IFRP is a challenge to the 'execution' of a sentence that is cognizable under 28 U.S.C. § 2241.").

Here, defendant is challenging her restitution payment schedule set under the IFRP by the BOP.[2]  As such, the court lacks the authority to grant defendant relief.  Defendant's motion is DISMISSED WITHOUT PREJUDICE to her re-filing it as a 28 U.S.C. § 2241 petition in the district in which she is currently incarcerated.  The Clerk is DIRECTED to send defendant the

---

[1] UNICOR is "[t]he commercial or 'trade' name of Federal Prison Industries, Inc.," "whose mission is to provide work simulation programs and training opportunities for inmates confined in Federal correctional facilities." 28 C.F.R. § 345.11(a).  "Inmates with UNICOR jobs earn considerably higher wages than those with non-UNICOR jobs."  Lang v. Quinlan, 990 F.2d 1252 (5th Cir. 1993) (per curiam) (citing 28 C.F.R. §§ 345.10-.26 (1992)).

[2] The court notes that the judgment ordering restitution does not require defendant to pay restitution through the IFRP, rather it merely authorizes such payment.  (See J., DE # 79, at 6 ("[I]f the defendant is unable to pay in full immediately, . . . restitution *may* be paid through the [IFRP]." (emphasis added)).)  In fact, defendant's participation in the IFRP is voluntary, see Fontanez, 807 F.3d at 85 ("As the parties in this case agree, the IFRP is voluntary; the BOP cannot compel an inmate to make payments." (citing United States v. Boyd, 608 F.3d 331, 334 (7th Cir. 2010)), and she may refuse to participate in the program at any time, see BOP Program Statement 5380.08(9)(d) (noting change in IFRP assignment when an inmate verbally refuses to participate in the program).  The $25 minimum quarterly payment the court ordered, should defendant participate in the IFRP, is the minimum payment required from non-UNICOR inmates who participate in the IFRP.  28 C.F.R. § 545.11(b)(1).

authorized form for filing a § 2241 petition.

This 9 July 2019.

_____
W. Earl Britt
Senior U.S. District Judge