IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CR-00037-1BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| SHERRY D. WILLIAMS ) | |
| ) | |

This matter is before the court on defendant's motion requesting the court to set a payment schedule for restitution pursuant to 18 U.S.C. § 3664(k). (DE # 122.)

As the court recently recounted:

> In May 2016, as part of defendant's sentence, the court ordered her to pay $1,050,976.00 to the Internal Revenue Service. The court further ordered that "[p]ayment of restitution shall be due and payable in full immediately. However, if defendant is unable to pay in full immediately," payment is authorized through the Bureau of Prisons' ("BOP") Inmate Financial Responsibility Program ("IFRP"), with a $25 minimum payment per quarter.

(7/9/19 Order, DE # 121, at 1 (citations omitted).)

According to defendant, her average monthly pay is approximately $5.25. (Mot., DE # 122, at 2.) She is currently making restitution payments through the IFRP. She claims that she cannot pay the amount set by the BOP and that her family can no longer assist her based on financial hardship. (Id.) She requests that the court set her restitution payment schedule to $25.00 per quarter. (Id. at 3.)

> A sentencing court is required to impose restitution "in the full amount of each victim's losses" and "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A) (2012). The court must determine the manner and schedule of payment by considering the defendant's assets and other financial resources, his income, and his obligations. Id. § 3664(f)(2). A restitution obligation is due immediately unless the court specifies otherwise. Id. § 3572(d)(1).

> A sentence imposing a restitution order is a final judgment that may not be modified absent one of several enumerated statutory exceptions. *Id.* § 3664(o); *United States v. Grant*, 715 F.3d 552, 557 (4th Cir. 2013) (*Grant 4*). As relevant here, a court may "adjust the payment schedule["] . . . if it finds a "material [change] in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k).

United States v. Bratton-Bey, 564 F. App'x 28, 29 (4th Cir. 2014) (footnote omitted).

At sentencing, the court considered defendant's financial resources and obligations, among other things. The court did not consider any amounts defendant's family members might contribute to her support. (See PSR, DE # 69, ¶ 62.) By ordering that defendant pay restitution "in full immediately," the court chose *not* to set a restitution payment schedule while defendant is incarcerated. Even assuming under these circumstances the court has the authority to modify defendant's judgment to set a restitution payment schedule, cf. United States v. Howard, No. 16-mc-51863, 2018 WL 1312404, at *2 (E.D. Mich. Mar. 14, 2018) (holding that where the court orders restitution paid in full and immediately, "no schedule exists for the Court to amend" (collecting cases)), the court will not do so. Because the court did not consider at sentencing any financial support defendant receives from her family members, any subsequent change in those family member's resources does not constitute a material change in defendant's economic circumstances under § 3664(k). See United States v. Grant, 235 F.3d 95, 100 (2d Cir. 2000) ("A change of the sort contemplated by the statute is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed."); United States v. Lewis, No. 5:04CR56-4-V, 2008 WL 1914783, at *1 (W.D.N.C. Apr. 28, 2008) (where the defendant stated she was no longer receiving support from her family, holding the defendant's economic circumstances had not changed since sentencing because the court did not consider such

2

contributions in determining the schedule of restitution payments and declining to modify the judgment that payment of restitution is due immediately).

Defendant's motion is DENIED.

This 3 October 2019.

                                                          W. Earl Britt
                                                          Senior U.S. District Judge