IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CR-00037-1BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| SHERRY D. WILLIAMS ) | |
| ) | |

This matter is before the court on defendant's motions seeking a sentence reduction based on the First Step Act of 2018 ("First Step Act"). (DE ## 123, 124.)

Defendant pled guilty to one count of false and fraudulent claims against the United States in violation of 18 U.S.C. § 287 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. In 2016, the court sentenced her to 51 months imprisonment on the first count and to 24 months on the other count, to be served consecutively. Defendant appealed, and the Fourth Circuit Court of Appeals dismissed the appeal. (DE # 99.) Defendant unsuccessfully sought habeas corpus relief from her sentence. (See 6/26/19 Order, DE # 119.)

With the instant motions, pursuant to 18 U.S.C. § 3582(c)(1)(A), defendant requests that the court modify her sentence to make her terms of imprisonment run concurrently, (DE # 123, at 2-4; DE # 124, at 2), which in effect would reduce her total term of imprisonment from 75 months to 51 months. Section 3582(c)(1)(A), which the First Step Act amended, permits the court to modify a term of imprisonment on a defendant's motion for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). However, before the court may do so, the defendant must have fully exhausted her administrative rights to appeal the failure of the Bureau of Prisons to bring a motion on her behalf or 30 days must have lapsed since the defendant

requested that the warden make a motion on her behalf.  Id.

Defendant has not shown that she has exhausted her administrative appeal rights or that she even submitted a request to the warden to make a motion on her behalf.  Even assuming she has, she has not further shown an extraordinary and compelling reason to warrant modification of her sentence.  Defendant suggests that because the person whose identity she used provided his/her personally identifying information to defendant, such conduct does not constitute aggravated identity theft.  (See Mot., DE # 123, at 3.)  Therefore, defendant argues, under the advisory sentencing guidelines, her terms of imprisonment should run concurrently, and as her sentence now stands, it is unreasonable.  (See id.)

The arguments defendant makes relate to validity of her conviction and sentence. Motions for a sentence reduction under § 3582(c)(1)(A) are not substitutes for direct appeal or habeas corpus motions.  See United States v. Handerhan, No. 19-1904, 2019 WL 4898675, at *2 (3d Cir. Oct. 4, 2019) (per curiam) ("§ 3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity.  The terms of neither the statute nor its policy statement provide for release on the basis of arguments . . . that were or could have been raised on direct appeal or in a § 2255 motion, let alone for defendants . . . who already have completed a § 2255 proceeding and who are subject to the restrictions on filing second or successive § 2255 motions." (citation omitted)).  That is not to say an error that could have been corrected in prior proceedings can never be an extraordinary and compelling reason to reduce a term of imprisonment under § 3582(c)(1)(A).  Cf. id. (expressly declining to address the issue).

But, in this case, there was no error.  First, it is irrelevant to defendant's aggravated identity theft conviction that the victim provided his/her identification to defendant.  See United

States v. Otuya, 720 F.3d 183, 189 (4th Cir. 2013) ("[W]ith or without permission from its rightful owner, a defendant who uses the means of identification of another 'during and in relation to any felony violation enumerated' in the statute necessarily lacks a form of authorization recognized by law."). Second, defendant's consecutive term of imprisonment was mandated by the aggravated identity theft statute, see 18 U.S.C. § 1028A(b)(2). Under these circumstances, no reason, let alone an extraordinary and compelling one, exists to modify how defendant's terms of imprisonment run. See generally U.S.S.G. § 1B1.13 cmt. n.1 (policy statement regarding pre-First Step Act motions under § 3582(c)(1)(A), identifying circumstances constituting extraordinary and compelling reasons: the defendant's medical condition, the defendant's age, family circumstances, and "other reasons").

Defendant's motions for a sentence reduction are DENIED.

This 4 December 2019.

							_____
							W. Earl Britt
							Senior U.S. District Judge